MATTHEW E. LEWITZ (SBN 325379)
  mlewitz@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 892-7937
Facsimile: (213) 892-7999

CAMILLE M. MILLER (PA Bar No. 79670)
(*Pro Hac Vice* Pending)
  cmiller@cozen.com
MELANIE A. MILLER (PA Bar No. 73499)
(*Pro Hac Vice* Pending)
  mmiller@cozen.com
KEVIN M. GIBBS (PA Bar No. 326053)
(*Pro Hac Vice* Pending)
  kgibbs@cozen.com
COZEN O'CONNOR
One Liberty Place, 1650 Market Street
Philadelphia, Pennsylvania  19103
Telephone:  (215) 665-2000
Facsimile:  (215) 701-2273

Attorneys for Plaintiffs *Universal Services of America, LP and Universal Protection Service, LP*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL SERVICES OF AMERICA, LP, and UNIVERSAL PROTECTION SERVICE, LP<br><br>                Plaintiffs,<br><br>        vs.<br><br>ALLIED GLOBAL SECURITY SERVICES INC.,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FEDERAL COPYRIGHT INFRINGEMENT;**<br>**(3) FEDERAL UNFAIR COMPETITION** |

COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017

1
COMPLAINT

**(4) UNFAIR COMPETITION PER CAL. BUS. & PROF. CODE § 17200**
**(5) DILUTION BY BLURRING**

**DEMAND FOR JURY TRIAL**

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

## COMPLAINT

Plaintiffs Universal Services of America, LP and Universal Protection Service, LP (collectively, "Allied Universal"), by and through their undersigned attorneys for their complaint against Defendant Allied Global Security Services ("Allied Global Security") allege as follows:

### Parties

1.     Plaintiff Universal Services of America, LP is a California limited partnership with a place of business at 1551 N. Tustin Avenue, Suite 650, Santa Ana, CA 92705.

2.     Plaintiff Universal Protection Service, LP is a California limited partnership with a place of business at 1551 N. Tustin Avenue, Suite 650, Santa Ana, CA 92705.

3.     Defendant Allied Global Security Services Inc. is a California corporation with an address of 3615 Main St., Suite 103, Riverside, California 92501.

### Jurisdiction and Venue

4.     This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, copyright laws of the United States, Title 17 U.S.C. §§ 101 *et seq.*, California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

5.     This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

7.     This Court may exercise personal jurisdiction over Allied Global Security because it is incorporated and domiciled in the State of California. Accordingly, Allied Global Security resides in California and this Court has personal jurisdiction.

8.     Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b).

**Background as to Allied Universal's Business and Intellectual Property**

9.     Allied Universal is the largest security services company in North America with over 230,000 employees and primarily focuses on its security services, while also providing safety, event, screening, identity theft, staffing, and janitorial services (the "Allied Universal Services") throughout the entire United States and abroad.

10.    Allied Universal has used marks containing "ALLIED" for Allied Universal Services dating all the way back to 1957 when Allied Security founded AlliedBarton.

11.    In August 2016, AlliedBarton Security Services joined with Universal Services of America to form Universal, d/b/a Allied Universal, the largest security company in North America. In 2018, Allied Universal continued to expand and bought U.S. Security Associates, along with its affiliate, StaffPro. In 2019, Allied Universal began operation in the United Kingdom, with offices in London, Glasgow, and Belfast. In 2021, Allied Universal acquired G4S, which now makes Allied Universal the third largest employer in any industry in all of North America and the seventh largest employer in the world.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

12.    Since 2016, Allied Universal has made significant efforts to develop its ALLIED UNIVERSAL brand (the "Brand") and has come to gain substantial goodwill associated with the Brand throughout the United States and abroad.

13.    To protect the Brand, Allied Universal has registered its intellectual property rights through many copyright and trademark registrations. As required by intellectual property law, Allied Universal engages in significant efforts to enforce its rights when necessary.

14.    Allied Universal has adopted and used numerous trademarks and copyrights containing ALLIED and/or owns numerous U.S. trademark and copyright registrations containing ALLIED for use in connection with the Allied Universal Services (collectively, the "ALLIED Marks"), including, but not limited to, "ALLIED UNIVERSAL SECURITY SERVICES PATCH DESIGN", ALLIED UNIVERSAL, ALLIED UNIVERSAL and Design  , ALLIED UNIVERSAL SECURITY SERVICES, ALLIED UNIVERSAL SECURITY SERVICES and Design  , ALLIED UNIVERSAL THERE FOR YOU and Design , and ALLIED UNIVERSAL SECURITY SYSTEMS.

15.    On May 6, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/027,906 and covers the use of this mark in connection with "Janitorial services; Installation and maintenance of security systems for buildings and premises" in Class 37, "Training services in the field of fire prevention, life-saving techniques, and building safety; educational services, namely, conducting classes, seminars, conferences, workshops, and podcasts in the field of security guard

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

training and proper surveillance and distributing course materials in connection therewith; providing on-line training classes, courses, seminars, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; training services in the field of security guard and proper surveillance in connection therewith" in Class 41, "Providing a website featuring non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation" in Class 42, and "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; Property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultation, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services,

namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,136,006 on February 7, 2017. This registration is active and valid.

16.     On June 24, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL and Design **ALLIED UNIVERSAL** in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/082,912 and covers the use of this mark in connection with "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; and property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultations, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; identity verification, namely, providing authentication of personal identification information; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017

services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,302,678 on October 3, 2017. This registration is active and valid.

17.     On May 26, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL SECURITY SERVICES in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/051,263 and covers the use of this mark in connection with "Training services in the field of fire prevention, life-saving techniques, and building safety; educational services, namely, conducting classes, seminars, conferences, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; providing on-line training classes, courses, seminars, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; training services in the field of security guard and proper surveillance in connection therewith" in Class 41, "Providing a website featuring non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation"

in Class 42, and "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; Property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultation, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,136,112 on February 7, 2017. This registration is active and valid.

18.    On June 30, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL SECURITY SERVICES and

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

Design  in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/089,210 and covers the use of this mark in connection with "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; and property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultations, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; identity verification, namely, providing authentication of personal identification information; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes

COMPLAINT

and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,150,269 on February 28, 2017. This registration is active and valid.

19.     On July 18, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL THERE FOR YOU and Design ALLIEDUNIVERSAL in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/107,363 and covers the use of this mark in connection with "Payroll administration and management services; payroll preparation and processing; data processing services in the field of payroll, benefits and human resources; business management consultation and services, namely, managing and administering non-core functions, namely, records management, information services, administration, payroll, benefits and accounting; administration of business payroll and benefits for others; human resources consultation and management; serving as a human resources department for others; professional employer organization services in the nature of payroll, benefits and human resources departments; personal career placement services; providing human resource information via a global computer network; advertising, marketing and sales improvement consultancy" in Class 35, "Janitorial services; Installation and maintenance of security systems for buildings and premises" in Class 37, "Training services in the field of fire prevention, life-saving techniques, and building safety; educational services, namely, conducting classes, seminars, conferences, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; providing on-line training classes, courses, seminars, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; training services in the field of security guard and proper surveillance in

COMPLAINT

connection therewith" in Class 41, "Providing a website featuring non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation" in Class 42, and "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; and property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultations, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; identity verification, namely, providing authentication of personal identification information; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments,

office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,146,530 on February 21, 2017. This registration is active and valid.

20.    On May 31, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL SECURITY SYSTEMS in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/054,789 and covers the use of this mark in connection with "Installation and maintenance of security systems, including security systems featuring access control and video monitoring, for buildings and premises" in Class 37, "Providing a website featuring non-downloadable software for use in tenant emergency evacuation, database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation" in Class 42, and "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; Property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultation, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

COMPLAINT

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

to facilitate the detection and prevention of identity theft and fraud; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,136,162 on February 7, 2017. This registration is active and valid.

21.     The ALLIED Marks are strong and distinctive. Allied Universal has been using marks containing ALLIED dating back to 1957 and marks containing ALLIED UNIVERSAL since 2016. Allied Universal has expanded, and continues to expand, its use of and registrations for marks comprising ALLIED, and the ALLIED Marks have developed invaluable goodwill and reputation within the security industry as a designator of source of the Allied Universal Services.

22.     Allied Universal's ALLIED Marks have become well-known throughout the security industry. Through its widespread, continuous, and substantially exclusive use of the ALLIED Marks to identify the Allied Universal Services and Allied Universal as its source, Allied Universal owns valid and subsisting federal statutory and common law rights in the ALLIED Marks.

23.     Allied Universal is the owner of U.S. Copyright Registration Number TX 8-857-267 for the work titled "ALLIED UNIVERSAL SECURITY SERVICES PATCH DESIGN" ("Allied Copyright Registration"). The Allied Copyright Registration is public record.

24.     The work that is the subject of the Allied Copyright Registration was first published on August 1, 2016 and subsequently received a U.S. Copyright Registration date of October 1, 2019. A true and correct copy of the Allied Copyright Registration and the deposit materials are attached hereto as **Exhibit A**. Universal Services of America, LP is the author and copyright claimant of the artwork that is the subject of the Allied Copyright Registration.

25.     Allied Universal owns all right, title, and interest in and to the Allied Copyright Registration, including any and all copyrights associated with the same.

26.     As the owner of and the rights holder in the Allied Copyright Registration, Allied Universal has the exclusive right to reproduce, distribute, display, and prepare derivative works based on the Allied Copyright Registration. 17 U.S.C. §§ 106 and 114.

27.     The registration of the Allied Copyright Registration serves as *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

28.     Allied Universal prominently displays the ALLIED Marks, including the Allied Copyright Registration, on patches on each of the Allied Universal security uniforms.

29.     Allied Universal has expended substantial time, money, and resources marketing, advertising, and promoting security services, namely, the Allied Universal Services under the ALLIED Marks.

30.     The market success of the Allied Universal Services offered under the ALLIED Marks has been extraordinary, and the relevant public has come to rely upon and recognize the Allied Universal Services by the well-known ALLIED Marks.

31.     Allied Universal has vigorously defended its ALLIED Marks, when necessary, against infringers and potential infringers including, but not limited to, filing lawsuits in federal district court in order to protect its ALLIED Marks.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

32.     Allied Universal has notified Allied Global Security of Allied Universal's ALLIED Marks and requested that Allied Global Security cease use of the ALLIED GLOBAL Marks (defined below) and/or any additional marks that are confusingly similar to Allied Universal's ALLIED Marks.

33.     The ALLIED Marks are famous and widely known among the U.S. general public due to, among other things, Allied Universal's longstanding use, distinctiveness, and extensive use, promotion, advertising, and marketing of its services in connection with the ALLIED Marks.

34.     Allied Universal has not given, either express or implied, consent or authorization to Allied Global Security to use the ALLIED Marks, or any similar variations thereof.

**Background as to Allied Global Security's Unlawful Conduct**

35.     Allied Global Security provides uniformed security guard services throughout California, including, but not limited to: Riverside, Los Angeles, San Bernardino, Orange County, San Diego, and Ventura.

36.     Starting in 2020, Allied Global Security began using the term ALLIED

GLOBAL, ALLIED GLOBAL SECURITY SERVICES,  , and other similar variations thereof, in United States commerce in connection with security services (the "ALLIED GLOBAL Marks").

37.     Allied Global Security filed Articles of Incorporation in the state of California for "Allied Global Security Services Inc." on January 26, 2021.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

38.    Allied Global Security has adopted and uses  , or similar variations thereof, as a patch for its security uniforms that encompasses the ALLIED GLOBAL Marks ("Allied Global Security Patch"), which is clearly visible on Allied Global Security's security uniforms and throughout its website at www.alliedglobalss.com.

39.    Allied Global Security is currently copying, using, reproducing, distributing, and publicly displaying the Allied Global Security Patch, which is substantially similar to the ALLIED Marks and the Allied Copyright Registration.

40.    Allied Global Security has registered and is using the domain name www.alliedglobalss.com, which fully encompasses the term ALLIED, in connection with advertising, promoting, offering for sale, and otherwise using the ALLIED GLOBAL Marks and Allied Global Security Patch in connection with security services.

41.    Allied Global Security adopted and used a blue, white, and yellow color scheme in connection with its security services, the Allied Global Security Patch, and the ALLIED GLOBAL Marks and continues to use a similar color scheme in connection with the same located on its website, www.alliedglobalss.com as of the date of filing this Complaint.

42.    Individuals associated with Allied Global Security have gone to Allied Universal's job sites and have gained access to the sites through actual confusion and the mistaken belief that these individuals are somehow associated with Allied Universal.

43.    As a result of actual confusion, individuals associated with Allied Global Security have attempted to poach Allied Universal's security guards once they have gained unauthorized access to the Allied Universal job sites and have inquired about Allied Universal's wages, benefits, customers, and duties to unfairly compete with Allied Universal.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

44.     In light of Allied Universal's use of marks containing ALLIED dating back to 1957 and its use of the ALLIED Marks dating back to at least as early as 2016 for the Allied Universal Services and Allied Universal security uniform patches, Allied Universal has priority over Allied Global Security's use of the ALLIED GLOBAL Marks and Allied Global Security Patch.

45.     Allied Universal, through its counsel, on multiple occasions as early as July 7, 2021, communicated with Allied Global Security notifying them of Allied Universal's ALLIED Marks and requesting the cessation of use of the Allied Global Security's ALLIED GLOBAL Marks and Allied Global Security Patch on the basis that these marks are likely to be confused with, have already resulted in actual confusion, infringe upon, and unfairly compete with Allied Universal's ALLIED Marks when used in connection with the Allied Universal Services and as security patches.

46.     On July 16, 2021, Allied Universal, through its counsel, once again notified Allied Global Security of its unlawful and infringing actions against the ALLIED Marks.

47.     Despite notice of Allied Universal's intellectual property rights in the ALLIED Marks, Allied Global Security has yet to discontinue its use of the ALLIED GLOBAL Marks, the Allied Global Security Patch, or the www.alliedglobalss.com website, as requested by Allied Universal, and continues to infringe upon and dilute the ALLIED Marks and unfairly compete with Allied Universal.

48.     Allied Universal has not given consent, either directly or indirectly, to Allied Global Security to use the ALLIED Marks, or any marks similar thereto, in the manner in which Allied Global Security is using the ALLIED GLOBAL Marks and Allied Global Security Patch.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT

49.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

50.     Allied Universal's ALLIED Marks are federally registered and, as such, the corresponding registrations are evidence of Allied Universal's exclusive right to use the ALLIED Marks in connection with the Allied Universal Services. 15 U.S.C. § 1115.

51.     The ALLIED Marks are distinctive to both the relevant public and within the security industry for the Allied Universal Services.

52.     Allied Universal's well-known ALLIED Marks and Allied Global Security's ALLIED GLOBAL Marks are similar with respect to sight, sound, meaning, and commercial impression.

53.     The ALLIED GLOBAL Marks wholly encompass the dominant portion of the ALLIED Marks, namely, ALLIED.

54.     Allied Global Security also combines the terms "SECURITY" and/or "SERVICES" to many of its uses of the ALLIED GLOBAL Marks.

55.     Allied Global Security's ALLIED GLOBAL SECURITY SERVICES mark and Allied Universal's ALLIED UNIVERSAL SECURITY SERVICES mark are only separated by one word. The only difference is the use of GLOBAL instead of UNIVERSAL, but these words are synonyms with the same meaning and commercial impression.

56.     The security services offered by Allied Global Security under the ALLIED GLOBAL Marks are identical to the security services offered by Allied Universal under its ALLIED Marks.

57.     Allied Global Security's use of the ALLIED GLOBAL Marks for security services has already caused actual confusion with the ALLIED Marks and Allied Universal and will continue to lead to confusion, mistake, or deception of the public within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

58.     Allied Global Security has infringed Allied Universal's ALLIED Marks in interstate commerce by various acts, including using the ALLIED GLOBAL Marks in connection with identical security services as compared to the Allied Universal

Services. This unauthorized use by Allied Global Security constitutes infringement of Allied Universal's prior-existing ALLIED Marks.

59.     Allied Universal has not given consent, either directly or indirectly, to Allied Global Security to use the ALLIED Marks, or any marks similar thereto, in the manner in which Allied Global Security is using the ALLIED GLOBAL Marks.

60.     Allied Global Security's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill. Allied Universal's damages from the aforesaid unlawful actions of Allied Global Security, to the extent ascertainable, have not yet been determined.

61.     By the forgoing actions, Allied Global Security has clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

62.     Allied Universal seeks attorney's fees and costs given the willful conduct of Allied Global Security.

63.     Allied Universal seeks treble damages given the willful conduct of Allied Global Security.

## COUNT II - FEDERAL COPYRIGHT INFRINGEMENT

64.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

65.     This cause of action for copyright infringement arises under the copyright laws of the United States, Title 17, U.S.C. § 101 *et. seq.* and common law.

66.     Allied Universal's Allied Copyright Registration is an original work of authorship.

67.     Allied Universal owns and has rights in U.S. Copyright Registration No. TX 8-857-267.

68.     As the owner of the Allied Copyright Registration, No. TX 8-857-267, Allied Universal has the exclusive right to reproduce, distribute, display, and prepare derivative works based on the copyrighted work. 17 U.S.C. §§ 106 and 113.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

69.     Allied Universal's federal copyright registration for the Allied Copyright Registration is *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

70.     Allied Global Security had access to and knowledge of the ALLIED Marks and the Allied Universal security patch that is the subject of the Allied Copyright Registration.

71.     Allied Global Security, with knowledge of the ALLIED Marks, adopted and continues to use a substantially similar patch design for its security uniforms and throughout its website as compared to Allied Universal's federally registered security uniform patch, the Allied Copyright Registration:

  

72.     By the actions alleged above, Allied Global Security has infringed and will continue to infringe Allied Universal's copyright in the Allied Copyright Registration through using the Allied Global Security Patch, and other substantially similar variations of the ALLIED Marks.

73.     Allied Universal has not authorized Allied Global Security to use the Allied Copyright Registration.

74.     Allied Global Security's infringement of the Allied Copyright Registration as complained of herein has been willful and deliberate.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

75.     Allied Global Security will continue to infringe Allied Universal's copyrights unless restrained by this Court.

76.     Allied Universal believes that it has suffered or is likely to suffer damages, and will continue to suffer serious and substantial damages resulting from Allied Global Security's acts of copyright infringement, including irreparable injury for which there is no adequate remedy at law.

77.     Allied Universal's damages from the aforesaid unlawful actions of Allied Global Security, to the extent ascertainable, have not yet been determined. Alternatively, Allied Universal is entitled to, and may elect to pursue, statutory damages.

78.     Allied Universal seeks statutory damages as the infringement began after the Allied Copyright Registration issued.

79.     Allied Universal seeks attorney's fees as the infringement began after the Allied Copyright Registration issued.

80.     Allied Universal seeks attorney's fees and costs given the willful infringement of Allied Global Security.

## COUNT III - FEDERAL UNFAIR COMPETITION

81.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

82.     Allied Universal and Allied Global Security are competitors and both offer identical security services.

83.     After Allied Universal's adoption and use of its ALLIED Marks in connection with the Allied Universal Services, Allied Global Security adopted and used the ALLIED GLOBAL Marks in connection with identical security services.

84.     The ALLIED GLOBAL Marks are confusingly similar in sight, sound, meaning, and commercial impression and are marketed and sold to the same or similar customers as Allied Universal's ALLIED Marks.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

85.     Allied Global Security has adopted an identical color scheme to Allied Universal that incorporates blue, white, and some yellow in connection with its ALLIED GLOBAL Marks and the www.alliedglobalss.com website.

86.     Allied Global Security has adopted a nearly identical patch design for its security uniforms as compared to Allied Universal's federally registered security uniform patch (trademark and copyright registrations), namely, by including a globe design, stacking "ALLIED" over "GLOBAL", which creates a similar commercial impression as "UNIVERSAL", and by incorporating a similar blue "bar"-shape connecting the two words.

 

87.     Allied Global Security has gained unauthorized access to Allied Universal job sites and has approached Allied Universal guards in attempts to poach employees and/or inquire about Allied Universal's business practices, guard salaries and benefits, job duties, etc.

88.     Allied Global Security has unfairly competed with Allied Universal and its ALLIED Marks in interstate commerce by various acts including, but not limited to, knowingly: using the ALLIED GLOBAL Marks in connection with identical security services, using an identical blue-white-yellow color scheme, adopting a

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

nearly identical security uniform patch design, and gaining unauthorized access to Allied Universal's job sites through actual confusion. These unauthorized uses and practices by Allied Global Security constitute unfair competition to the substantial and irreparable injury of the public and of Allied Universal's ALLIED Marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

89.     The activities of Allied Global Security complained of herein constitute a willful and intentional tort, in derogation of Allied Universal's rights. Acts of unfair competition commenced and have continued in spite of Allied Global Security's knowledge that the use of the ALLIED GLOBAL Marks in connection with security services was and is in contravention of Allied Universal's rights.

90.     Allied Universal has not given consent, either directly or indirectly, to Allied Global Security to use the ALLIED Marks, or any marks similar thereto, in the manner in which Allied Global Security is using the ALLIED GLOBAL Marks.

91.     Allied Global Security's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill. Allied Universal's damages from the aforesaid unlawful actions of Allied Global Security, to the extent ascertainable, have not yet been determined.

92.     Allied Universal seeks attorney's fees and costs given the willful conduct of Allied Global Security.

**COUNT IV - Unfair Competition Under Cal. Bus. & Prof. Code § 17200**

93.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

94.     This cause of action arises under Cal. Bus. & Prof. Code § 17200. California's Business and Professional Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

95.    Defendant's actions complained of herein are unlawful, unfair, and/or fraudulent business acts or practices, constituting unfair and deceptive business practices in violation of California's Business and Professional Code § 17200, namely, knowingly and willfully trading off of the goodwill of Allied Universal's ALLIED Marks with the confusingly similar ALLIED GLOBAL Marks without direct or indirect authorization from Allied Universal.

96.    Allied Global Security's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill.

97.    Allied Universal seeks injunctive relief and recovery of all actual economic damages it suffered as a result of Allied Global Security's unlawful activities and any other relief as the Court may deem just and proper. Allied Universal's damages from the aforesaid unlawful actions of Allied Global Security, to the extent ascertainable, have not yet been determined.

## COUNT V - DILUTION BY BLURRING

98.    Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

99.    This cause of action for dilution by blurring arises under the laws of the United States, Title 15, U.S.C. § 1125(c).

100.    The ALLIED Marks are registered with the United States Patent and Trademark Office on the Principal Register.

101.    Since 1957, Allied Universal has been using marks containing ALLIED in connection with security services.

102.    Universal has extensively used, advertised, and offered services under the ALLIED Marks for many years, since at least as early as 2016, throughout the entire United States and the general consuming public of the United States widely recognizes the ALLIED Marks as source designations of Allied Universal's Services.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

103.   The ALLIED Marks are distinctive and have become famous prior to Allied Global Security's use of the ALLIED GLOBAL Marks.

104.   Allied Global Security's unauthorized use of the confusingly similar ALLIED GLOBAL Marks for identical services creates an association with Allied Universal's famous ALLIED Marks and impairs the distinctiveness of the famous marks and is likely to cause dilution by blurring.

105.   Allied Global Security's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill. Allied Universal's damages from the aforesaid unlawful actions of Allied Global Security, to the extent ascertainable, have not yet been determined.

106.   Allied Universal seeks attorney's fees and costs given the willful conduct of Allied Global Security.

## PRAYERS FOR RELIEF

**WHEREFORE**, Allied Universal prays for relief against Allied Global Security as follows:

A.   That the Court preliminary and permanently enjoin and restrain Allied Global Security, their officers, directors, agents, employees and all persons in active concert or participation with Allied Global Security who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(i)   infringing or contributing to the infringement;

(ii)   engaging in any acts or activities directly or indirectly calculated to infringe Allied Universal's ALLIED Marks;

(iii)   using by selling, offering for sale, promoting, advertising, marketing or distributing of Allied Universal's services and/or products, advertisements or marketing materials that use the term "ALLIED," or any mark similar thereto;

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

(iv)    using any configuration or design that is confusingly similar and/or substantially similar to Allied Universal's ALLIED Marks; and

(v)    otherwise competing unfairly or deceptively with Allied Universal in any manner whatsoever.

B.    That the Court find that Allied Global Security is infringing Allied Universal's copyrights and trademarks in the ALLIED Marks, is competing unfairly with, is diluting the ALLIED Marks, and committing deceptive trade practices against Allied Universal.

C.    That the Court Order Allied Global Security to deliver up to Allied Universal for destruction, at Allied Global Security's expense, catalogs, web site materials, literature, brochures, quotes, packaging, uniforms, patches, badges, signs, promotional materials, advertisements and any other communications to the public in the possession or under the control of Allied Global Security that use any of the ALLIED GLOBAL Marks or any other designations similar to any of Allied Universal's ALLIED Marks and any other material or any representations that are or may contain the ALLIED GLOBAL Marks or any other terms similar to Allied Universal's ALLIED Marks.

D.    That the Court Order Allied Global Security to account for and pay to Allied Universal the damages to which Allied Universal is entitled as a consequence of the trademark infringement of Allied Universal's ALLIED Marks.

E.    That the Court Order Allied Global Security to account for and pay to Allied Universal the damages to which Allied Universal is entitled as a consequence of the copyright infringement of Allied Universal's Allied Copyright Registration.

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

F.     That the Court Order Allied Global Security to account for and pay statutory damages, to which Allied Universal is entitled as a consequence of the infringement of the Allied Copyright Registration.

G.     That the Court Order Allied Global Security to account for and pay over to Allied Universal all profits received, if any, by Allied Global Security from its unlawful acts.

H.     That the Court Order Allied Global Security to account for and to pay over to Allied Universal all damages suffered by Allied Universal as a result of Allied Global Security's unfair competition.

I.     That the Court Order Allied Global Security to account for and to pay over to Allied Universal all damages suffered by Allied Universal as a result of Allied Global Security's dilution by blurring.

J.     That the Court Order Allied Global Security to account for and to pay over to Allied Universal all damages suffered by Allied Universal as a result of Allied Global Security's California State unlawful, unfair and/or fraudulent business acts or practices pursuant to Cal. Bus. & Prof. Code § 17200.

K.     That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Allied Global Security so as to prevent fraud on the Court and so as to ensure the capacity of Allied Global Security to pay, and the prompt payment of, any judgment entered against Allied Global Security in this action.

L.     That the Court award Allied Universal its compensatory, incidental, and consequential damages.

M.     That the Court award Allied Universal enhanced, treble, and/or punitive damages.

N.     That the Court award Allied Universal its reasonable attorney's fees and the costs of this action as permitted under applicable law.

O.      That the Court grant Allied Universal such other further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Allied Universal demands a trial by jury on all triable issues of fact.

Dated:      August 31, 2021                    COZEN O'CONNOR


                                               By: /s/Matthew E. Lewitz
                                                   Matthew E. Lewitz
                                                   Camille M. Miller (*Pro Hac Vice*
                                                   Pending)
                                                   Melanie A. Miller (*Pro Hac Vice*
                                                   Pending)
                                                   Kevin M. Gibbs (*Pro Hac Vice* Pending)
                                                   Attorneys for Plaintiffs
                                                   *Universal Services of America, LP and*
                                                   *Universal Protection Service, LP*

COMPLAINT